KRISTOPHER S. DAVIS (SBN 193452)
kristopher.davis@faegredrinker.com
DAVID A. BELCHER (SBN 330166)
david.belcher@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Attorneys for Plaintiffs
THR PROPERTY MANAGEMENT L.P. and
INVITATION HOMES INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR PROPERTY MANAGEMENT L.P., and INVITATION HOMES INC., <br><br> Plaintiffs, <br> v. <br><br> UNITED DWELLING, INC.; UNITED DWELLING CONSTRUCTION, INC.; and STEVEN DIETZ, <br><br> Defendants. | Case No. 2:23-cv-06686 <br><br> **PLAINTIFFS THR PROPERTY MANAGEMENT L.P. AND INVITATION HOMES INC.'S COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT;** <br> **(2) CONVERSION;** <br> **(3) MONEY HAD AND RECEIVED;** <br> and <br> **(4) UNJUST ENRICHMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs THR Property Management L.P. ("THR") and Invitation Homes Inc. ("Invitation Homes," and collectively with THR, "Plaintiffs"), by and through their attorneys, Faegre Drinker Biddle & Reath LLP, for their complaint against defendants United Dwelling, Inc. ("United Dwelling"), United Dwelling Construction, Inc. ("United Dwelling Construction"), and Steven Dietz (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1. Through this action, Plaintiffs seek to recover monies misappropriated by defendant United Dwelling, a builder of Accessory Dwelling Units ("ADUs"), its affiliate, United Dwelling Construction, and an officer and director of those companies, Steven Dietz. Specifically, Plaintiffs seek the return of more than $2,500,000 that they advanced to United Dwelling and United Dwelling Construction pursuant to a Master Design Agreement and Letter Agreement. There is no dispute that the terms of the Master Design Agreement and Letter Agreement obligate Defendants to return all unused funds advanced by Plaintiffs upon termination. Nevertheless, Defendants have refused to return Plaintiffs' advances despite multiple demands.

2. Upon information and belief, United Dwelling and United Dwelling Construction—at the direction of Mr. Dietz—have taken the funds advanced by THR and used them to pay their own internal operating expenses (or other expenses not tied to the Master Design Agreement or Letter Agreement), rather than using them for the benefit of Plaintiffs. Defendants are liable for breaches of the Master Design Agreement and Letter Agreement, conversion, money had and received, and unjust enrichment.

## PARTIES

3. Invitation Homes is a corporation organized and existing under the laws of Maryland with its principal place of business located in Texas. Invitation Homes is a national leader in home leasing and property management.

4. THR is a limited partnership that is an indirect, wholly owned subsidiary of Invitation Homes. The partners of THR are citizens of Maryland and Texas. Accordingly, THR is a citizen of Maryland and Texas.

5. Upon information and belief, defendant United Dwelling, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 150 E. 57th Street, Los Angeles, California 90011.

6. Upon information and belief, defendant United Dwelling Construction is also a corporation organized and existing under the laws of Delaware with its principal place of business at 150 E. 57th Street, Los Angeles, California 90011. United Dwelling and United Dwelling Construction build secondary housing structures known as ADUs on properties throughout Southern California.

7. Defendant Steven Dietz is an individual who, upon information and belief, is a citizen of the state of California. Upon information and belief, Mr. Dietz is the Chief Executive Officer and Secretary of United Dwelling, the Chief Executive Officer of United Dwelling Construction, and serves on each company's board of directors.

8. Upon information and belief, there is a unity of interest and ownership between United Dwelling, United Dwelling Construction, and Mr. Dietz such that individuality and separateness between United Dwelling, United Dwelling Construction, and Mr. Dietz has ceased, and they are the alter egos of each other. Upon information and belief, Mr. Dietz has used the assets of United Dwelling and United Dwelling Construction for his personal use. Accordingly, the adherence to the fiction of United Dwelling and United Dwelling Construction as entities distinct from Mr. Dietz will permit abuse of corporate company privileges and promote injustice.

9. Upon information and belief, at all relevant times, Defendants, and each of them, were acting as the agents, servants, employees, partners, officers, directors, representatives and/or alter egos of the remaining Defendants and of each

other and that at all times mentioned herein, Defendants, and each of them, were acting with the knowledge of each other and within the course and scope of such relationships and in doing the acts alleged herein have caused harm to Plaintiffs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and all Defendants are residents of California and reside in this district.

## FACTUAL ALLEGATIONS

**The Master Feasibility Agreement and Letter Agreement.**

12. In October 2022, THR and United Dwelling Construction entered into a Master Feasibility Agreement, under which United Dwelling Construction agreed to study the feasibility of installing ADUs on 54 properties owned by THR in the Los Angeles area.

13. After United Dwelling Construction completed its feasibility study, Defendants requested that Invitation Homes advance $1,500,000 to United Dwelling Construction to fund the installation of ADUs on THR's properties (the "Construction Advance").

14. On November 11, 2022 Invitation Homes, United Dwelling, and United Dwelling Construction entered into a Letter Agreement, which set forth the terms under which Invitation Homes would make the Construction Advance to United Dwelling Construction. A true and correct copy of the Letter Agreement is attached hereto as **Exhibit A**.

15. Importantly, the Letter Agreement provided that United Dwelling and United Dwelling Construction would be required to return the $1,500,000

Construction Advance if the parties did not later enter into a "Master Construction Agreement" or the business relationship between Defendants and Plaintiffs ended. Specifically, the Letter Agreement provides, "If for any reason . . . [a] Master Construction Agreement is not agreed upon . . . [or] the [Construction Advance] is not applied toward the construction set forth in the Master Construction Agreement" then United Dwelling and United Dwelling Construction would "return to [Invitation Homes] within five (5) business days of request the [Construction Advance] net of paid and outstanding billings . . . without any other set-offs."

16. On November 29, 2022, Invitation Homes made the Construction Advance to United Dwelling Construction.

**The Master Design Agreement and Design Advance.**

17. On January 13, 2023, THR and United Dwelling entered into a Master Design Agreement. Under the Master Design Agreement, United Dwelling agreed to provide certain design services for ADUs that THR then planned to have built on its properties. These services included, among other things, preparing construction documents for the ADUs and obtaining permits to build the ADUs. A true and correct copy of the Master Design Agreement between THR and United Dwelling is attached hereto as **Exhibit B**.

18. Section 4.5 of the Master Design Agreement provides that if THR terminated "the Master Design Agreement or any Work Order for any reason" then United Dwelling was obligated to "reimburse [THR] the pro rata amounts of any Payments previously made and not yet expended by [United Dwelling] as provided in Section 28 of the Terms and Conditions."

19. Section 28(a) of the Terms and Conditions to the Master Design Agreement permitted THR to terminate the Master Design Agreement "at any time without cause, by giving [United Dwelling] thirty (30) calendar days advance

1  written or electronic notice." It also provides, "There shall be no termination fees or penalties for terminating the Agreement and/or any Work Order."

20. Section 28(b) of the Terms and Conditions further reaffirmed United Dwelling's obligation to return all unused funds to THR upon termination of the Master Design Agreement. It provides, "If at the time of termination by either Party under this section, [THR] has made any prepayments to [United Dwelling] for which Services have not been rendered, [United Dwelling] agrees to promptly return to [THR] such prepayment, or a prorated portion thereof . . . ."

21. On January 19, 2023, THR issued a work order to United Dwelling for United Dwelling to perform design services for 41 ADUs. In accordance with the Master Design Agreement, on February 7, 2023, THR made a $1,025,000 advance payment to United Dwelling (the "Design Advance").

**Defendants Misappropriate the Construction Advance and Design Advance.**

22. In March or early April 2023, Plaintiffs gave notice to Defendants that they were terminating the Master Design Agreement and Letter Agreement. Plaintiffs requested the immediate return of the Construction Advance and Design Advance.

23. At the time Plaintiffs terminated the Master Design Agreement and Letter Agreement: (a) THR had not entered into a "Master Construction Agreement" with United Dwelling Construction and United Dwelling Construction had not installed any ADUs, or any portion thereof, on THR's properties; and (b) upon information and belief, United Dwelling had not performed any design services for any contemplated ADUs. Still, Defendants failed to return the Construction Advance or Design Advance to Plaintiffs, in clear breach of the operative contracts.

24. On April 27, 2023, Plaintiffs again demanded that Defendants immediately return the Construction Advance and Design Advance. Plaintiffs also requested an accounting of any services that United Dwelling purportedly

performed under the Master Design Agreement.  Once again, Defendants failed to return the Construction Advance and Design Advance to Plaintiffs.  Defendants have also failed to account for any services that United Dwelling purportedly rendered under the Master Design Agreement.

25. Upon information and belief, United Dwelling and United Dwelling Construction have used the Construction Advance and Design Advance to pay their operating expenses (or other expenses not tied to the design or construction of the contemplated ADUs) instead of using those advances for the benefit of Plaintiffs.

26. Upon information and belief, Mr. Dietz, who is the CEO of both United Dwelling and United Dwelling Construction, has decision-making authority over those companies' expenditures.  Upon information and belief, Mr. Dietz personally authorized and directed personnel or representatives of United Dwelling and United Dwelling Construction to use the Design Advance and Construction Advance to pay his companies' operating expenses (or other expenses not tied to the design or construction of the contemplated ADUs) rather than use those funds to perform services for Plaintiffs

27. As a result of Defendants' conduct, Plaintiffs have been damaged in an amount not less than $2,525,000.

## FIRST CAUSE OF ACTION

**(Breach of Letter Agreement – Invitation Homes against all Defendants)**

28. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

29. The Letter Agreement constitutes a binding contract between Invitation Homes, United Dwelling, and United Dwelling Construction.

30. Because, as alleged herein, United Dwelling, United Dwelling Construction, and Mr. Dietz are alter egos of one another, the obligations imposed by the Letter Agreement are equally binding on United Dwelling, United Dwelling Construction, and Mr. Dietz.

31. Invitation Homes fully performed under the Letter Agreement by paying the Construction Advance to United Dwelling Construction.

32. Under the terms of the Letter Agreement, United Dwelling and United Dwelling Construction were obliged to return the Construction Advance to Invitation Homes within five business days of a demand for payment if a "Master Construction Agreement [was] not agreed upon" or the Construction Advance was "not applied toward the construction set forth in the Master Construction Agreement." THR and United Dwelling Construction never agreed upon a Master Construction Agreement and the Construction Advance was not applied toward the installation of any ADUs, or any portion thereof, on THR's properties.

33. In March or early April 2023 and April 27, 2023, Invitation Homes demanded repayment of the Construction Advance. Defendants have breached the terms of the Letter Agreement by failing to return the Construction Advance within five business days of Invitation Homes' demands for repayment of the Construction Advance.

34. As a result of Defendants' breaches of the Letter Agreement, Invitation Homes has been damaged in an amount to be determined at trial, but not less than $1,500,000.

## SECOND CAUSE OF ACTION

**(Breach of Master Design Agreement – THR against all Defendants)**

35. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

36. The Master Design Agreement constitutes a binding contract between THR and United Dwelling. Under section 4.5 of the Master Design Agreement, United Dwelling was required to "reimburse [THR] the pro rata amounts of any Payments previously made and not yet expended by [United Dwelling]" upon termination of the Master Design Agreement.

37. Because, as alleged herein, United Dwelling, United Dwelling

1  Construction, and Mr. Dietz are alter egos of one another, the obligations imposed
2  by the Master Design Agreement are equally binding on United Dwelling, United
3  Dwelling Construction, and Mr. Dietz.

4  38. In March or early April 2023, THR terminated the Master Design
5  Agreement. Upon termination and again on April 27, 2023, THR demanded
6  repayment of the Design Advance. Defendants have breached the terms of the
7  Master Design Agreement by failing to return the Design Advance to THR as
8  required by the Master Design Agreement.

9  39. As a result of Defendants' breach of the Master Design Agreement,
10 THR has been damaged in an amount to be determined at trial, but not less than
11 $1,025,000.

## THIRD CAUSE OF ACTION

**(Conversion – All Plaintiffs against all Defendants)**

40. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

41. Plaintiffs have an ownership right and immediate right to possess the Construction Advance and Design Advance, which total no less than $2,525,000.

42. Rather than using the Construction Advance and Design Advance for the benefit of Plaintiffs, Defendants misappropriated those funds to pay operating expenses and/or other expenses not tied to the design or construction of the contemplated ADUs.

43. Upon information and belief, Mr. Dietz personally authorized and directed United Dwelling and United Dwelling Construction's misappropriation of the Construction Advance and Design Advance.

44. Plaintiffs have repeatedly demanded repayment of all amounts owing to them, but Defendants have refused to return the Construction Advance and Design Advance to Plaintiffs.

45. Upon information and belief, Defendants' conduct is and was intentional, wrongful and intended to deliberately disrupt Plaintiffs' business. Upon information and belief, Defendants acted with the intent to cause injury to Plaintiffs and/or with a willful and conscious disregard of Plaintiffs' rights. Upon information and belief, Defendants' acts were willful and malicious and justify an award of punitive damages in an amount to punish them and to deter future conduct of this type.

46. As a result of Defendants' interference with funds belonging to Plaintiffs, Plaintiffs have been damaged in an amount not less than $2,525,000.

## FOURTH CAUSE OF ACTION

**(Money Had and Received – All Plaintiffs against all Defendants)**

47. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

48. Plaintiffs allege this cause of action in the alternative to their claims for breach of contract.

49. Defendants received funds from the Construction Advance and Design Advance.

50. At least $2,525,000 belongs to Plaintiffs, who provided the Construction Advance and Design Advance to Defendants.

51. Despite repeated demands for payment by Plaintiffs, Defendants have not returned the funds to Plaintiffs, and instead have used the funds belonging to Plaintiffs to pay Defendants' operating expenses and/or other expenses not tied to the design or construction of the contemplated ADUs.

52. In equity and good conscience, Defendants should be required to remit payment to Plaintiffs in an amount not less than $2,525,000.

/ / /

/ / /

/ / /

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment – All Plaintiffs against all Defendants)

53. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

54. As a result of the improper retention of the Construction Advance and Design Advance by Defendants, Plaintiffs have conferred a benefit upon Defendants to which they are not entitled.

55. Defendants are aware that they are not entitled to such funds because the Letter Agreement and Master Design Agreement are clear that Defendants must return all advances to Plaintiffs upon termination of the agreements and Plaintiffs have repeatedly demanded repayment of the Construction Advance and Design Advance from Defendants.

56. Defendants have enjoyed the benefit of the Construction Advance and Design Advance and have failed to return those funds to Plaintiffs.

57. Defendants have received and retained such benefits under circumstances that make it inequitable and unjust for them to retain such benefits without payment of value.

58. Plaintiffs are therefore entitled to restitution in an amount not less than $2,525,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

1. Damages in an amount not less than $2,525,000;
2. Restitution in an amount not less than $2,525,000;
3. Punitive damages as may be awarded by law;
4. Pre-judgment interest to the extent authorized by law, contract, or otherwise;
5. An award of costs incurred in this action;

6. An award of attorneys' fees incurred in this action, to the extent authorized by law, contract, or otherwise; and

7. Any other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs, and each of them, pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, hereby demand a trial by jury as to all issues so triable.

Dated: August 15, 2023

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: *Kristopher S. Davis*
Kristopher S. Davis
David A. Belcher

Attorneys for Plaintiffs
THR PROPERTY MANAGEMENT L.P. and INVITATION HOMES INC.